IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAD E. CONKLIN<br><br>MANUEL ANDRADE<br><br>LINSEY I. BETTS<br><br>JORDAN A. HILLIARD<br><br>MARIO LANTIGUA<br><br>KIMBERLY R. LINCOLN<br><br>COURTNEY S. LUDWIG<br><br>ALEXANDER ROBERT<br><br>DANIEL T. SEMRAU, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>THE UNITED STATES POSTAL SERVICE,<br><br>      Defendant. | Civil Action No.1:23-cv-7122<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, by and through their counsel, the law firm of McGillivary Steele Elkin LLP, for their complaint against the United States Postal Service (USPS), state as follows:

## INTRODUCTION

1. Plaintiffs are Postal Inspectors employed by the defendant USPS who attended USPS's 16-week, residential Basic Inspector Training (BIT) program from August 15, 2021,

1

through December 4, 2021. Plaintiffs bring this action because the USPS has violated Section 7 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 — or, in the alternative, 39 U.S.C. § 1003(c)'s pay comparability requirement — by failing to pay them for time spent working beyond 40 hours in a week in mandatory training and instruction. Plaintiffs seek damages and other relief on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b), 5 U.S.C. § 5596, and 28 U.S.C. §§ 2201–2202.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 39 U.S.C. § 409(a), 28 U.S.C. § 1331, 29 U.S.C. § 216(b), 39 U.S.C. § 401(1), and 5 U.S.C. § 701 *et seq*.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

4.  Plaintiffs, all of whom are listed in Exhibit A, have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). The written consent forms attached as Exhibit A set forth each Plaintiff's name and address. Plaintiffs are current USPS Postal Inspectors who attended Basic Inspector Training (BIT) at the Agency's Potomac, Maryland training facility — a 16-week, residential program — between August 15, 2021, and December 4, 2021. They bring this action on behalf of themselves and all others similarly situated, including similarly situated USPS Postal Inspectors who attended BIT during other sessions who were subjected to parallel practices to those described herein.

5.  Plaintiff Tad Conklin resides in Pine Island, New York and is currently employed as a Postal Inspector by the USPS in Yonkers, New York. At all times material herein, he, and all other Plaintiffs and others similarly situated, have been employed as Postal Inspectors by the USPS and are therefore "employees" under the FLSA. 29 U.S.C. § 203(e)(2)(B).

6.      Defendant USPS is an "employer" amenable to suit under the FLSA. 29 U.S.C. § 203(x). It is an independent agency of the United States Government and can sue and be sued in its official name. 39 U.S.C. §§ 101, 401(1).

## FACTS

7.      The United States Postal Inspection Service (USPIS) is the enforcement arm of the USPS, tasked with protecting the employees and property of the USPS and ensuring the integrity of the mail system. It is comprised of roughly 1,200 investigators who possess the power to, and in the course of their daily duties do in fact, serve warrants, make arrests, carry firearms, and seize property. *See* 18 U.S.C. §3061; 39 C.F.R. § 233.1.

8.      The Investigators are responsible for investigating an array of crimes involving the U.S. mail system, from simple trespass and assault to complex financial schemes, drug offenses, and terrorism. The Postal Inspectors also regularly work with other law enforcement agencies to investigate crimes that cut across other law enforcement agencies' jurisdictions.

9.      To become Postal Inspectors, applicants must complete a rigorous application process that includes, *inter alia*, fitness testing and multiple interviews and exams. Applicants selected out of this process are hired, but cannot continue as Postal Inspectors until they complete Basic Inspector Training (BIT).[1]

10.     Basic Inspector Training is a 16-week, residential program that takes place at the USPS training center in Potomac, Maryland. There, Inspectors receive "extensive training in

---

[1] *See, e.g.*, USPIS CAREERS – POSTAL INSPECTORS, *What are the steps in the Hiring Process?* (2023), https://www.uspis.gov/careers/postal-inspectors (last visited: Aug. 10, 2023).

writing, interviews and integrations [*sic*], legal issues, firearms and threat management."[2] Inspectors also receive training in investigations, combat, driving, and physical fitness.

11. Plaintiffs and all others similarly situated are all Inspectors who attended BIT from August 15, 2021, through December 4, 2021. During this session of BIT, Plaintiffs received classroom, field, and other instruction during a regular work week that ran Monday through Friday, from 8 am to 4 pm, for a total of 40 hours per week. Plaintiffs received instruction during this workday, in the classroom or gym, at the shooting range, or wherever else the nature of the instruction required.

12. However, Plaintiffs were also regularly scheduled to perform, and the USPS suffered or permitted them to perform, additional work outside of these days and hours, causing them to work in excess of 40 hours per week, for which they were not compensated.

13. Plaintiffs received their schedules for a particular work week between one and three weeks prior to that week.

14. On at least three occasions, Plaintiffs were scheduled in advance to attend, and did in fact attend, mandatory instruction that occurred on the Saturday of a week in which they had already worked at least 40 hours. Each of these Saturdays required at least 7 hours of work.

15. Additionally, Plaintiffs were regularly scheduled and required to attend, and the USPS suffered or permitted them to attend, programming before 8am or past 4pm. Such instruction consisted of, *inter alia*, classroom instruction, field training, or physical training and instruction (PT).

---

[2] FEDERAL LAW ENFORCEMENT TRAINING ACCREDITATION – ACCREDITED PROGRAMS: BASIC INSPECTOR TRAINING (2021), https://www.fleta.gov/programacademy/basic-inspector-training (last visited: Aug. 10, 2023).

16. Where plaintiffs were scheduled to do PT, it was mandatory, occurred at a preset location, lasted for around an hour — during which Plaintiffs could not leave — and consisted of structured exercises from which Plaintiffs could not deviate and that were led by an instructor.

17. On weekdays, this PT began at 6 or 7 am and commenced Plaintiffs' workday, while on weekends it occurred during what would otherwise be working hours.

18. Thus, for example, from Monday through Friday during the week of November 7 through November 13, 2021, Plaintiff Conklin was scheduled to engage in, and did in fact engage in, at least 45 hours of instruction, including PT from Monday through Friday, along with an additional 7 hours of instruction on Saturday, for a total of 52 hours. However, Plaintiff was only compensated for 40 hours that week, and he received no overtime compensation whatsoever.

19. During weeks in which they otherwise worked at least 40 hours, Plaintiffs were also scheduled and required to spend, and the USPS suffered or permitted them to spend, time traveling to offsite shooting ranges or other locations, including by driving themselves and their classmates in government vehicles.

20. This travel occurred as a continuation of their basic workday, on evenings, and on weekends during times which cut across their regular working hours, and in part caused them to work hours over 40 in a week, for which they were not compensated.

21. For example, during the week of September 5 to September 11, 2021, Plaintiff Conklin was scheduled to, and did in fact, work at least 42 hours. He was only compensated for 40 of these hours.

22. Additionally, Plaintiffs worked unscheduled overtime while at BIT due to, among other things, classroom or field instruction starting early or ending late.

23. The USPS suffered or permitted them to work this unscheduled overtime. Among other things, BIT is a closely-supervised, tightly controlled program and environment; USPS designed a curriculum that could not fit into 40 hours a week; its instructors were the ones requiring this overtime across the entire curriculum; and it required Plaintiffs and all others similarly situated to log all their hours while in training.

24. This unscheduled overtime caused them to work more than 40 hours in those workweeks, for which they were not compensated.

25. For example, Plaintiff Conklin was scheduled to work, and did in fact work, at least 48 hours during the week of October 24 through October 30, 2021. On top of this, he worked at least 1.5 hours of unscheduled overtime, due to a training module starting earlier than scheduled and running later than scheduled, for a total of at least 49.5 hours. Again, Plaintiff Conklin was only paid for 40 hours.

26. Plaintiffs and all others similarly situated all worked at least similar amounts of overtime to Plaintiff Conklin; many were part of the same training class, and all were subject to the same curriculum and had their schedules structured in the same way.

**The USPS Willfully Violated the FLSA**

27. The USPS is aware that the FLSA applies to it as an employer. *See, e.g.*, USPS, EMPLOYEE AND LABOR RELATIONS MANUAL § 441.1 (Issue 53 Sept. 2022) ("The Fair Labor Standards Act (FLSA), as amended, applies to the Postal Service."). And 29 U.S.C. § 203(e)(B) expressly defines employees of the USPS as "employees" to whom the FLSA applies.

28. The USPS maintains a unique pay system, separate and apart from any system used by other federal agencies. *See* 39 U.S.C. §§ 101(c), 1003(c). And unlike other agencies, the USPS

6

is uniquely subject to the FLSA as administered by the Department of Labor, rather than by the Office Personnel Management. *See* 29 U.S.C. § 204(f); 5 CFR § 551.102(c).

29. On at least one occasion, Plaintiff Conklin asked his team leader whether the Inspectors would receive compensation for the hours over 40 a week that they were working while in BIT. Defendant told him they would not.

30. This was not an oversight relating to one or two inspectors; it was an expression of the USPS's knowing and categorical refusal to compensate Postal Inspectors for hours worked in excess of 40 in a week while at BIT.

31. That this was the USPS's knowing practice is reinforced by the fact that many of the hours in excess of 40 in a week that the plaintiffs worked while at BIT were not uncontemplated, but in fact scheduled in advance by the USPS.

32. The USPS has also failed to provide overtime compensation to other BIT classes for hours worked in excess of 40 during a week.

**The USPS has Violated 39 U.S.C. § 1003(c)'s Comparability Requirement**

33. Under 39 U.S.C. § 1003(c), "Compensation and benefits for all Postal Inspectors shall be maintained on a standard of comparability to the compensation and benefits paid for comparable levels of work in the executive branch of the Government outside of the Postal Service."

34. Federal criminal investigators at other agencies receive availability pay, in the form of Law Enforcement Availability Pay (LEAP), while attending comparable residential training programs at Federal Law Enforcement Training Centers (FLETC). For example, Criminal Investigators working for Immigration and Customs Enforcement, and those working for the Federal Air Marshal Service, both receive LEAP while attending residential training at FLETC.

35. Criminal Investigators who attend FLETC engage in comparable levels of work to Postal Inspectors attending BIT. They also work five or more days a week, and receive similar classroom, field, and other forms of instruction on legal issues, combat, firearms, driving, writing and investigation tactics.

36. Under 5 U.S.C. § 5545a, LEAP shall be paid to Criminal Investigators who are required to be available to work unscheduled work in excess of the 40-hour workweek and have an annual average of two or more hours of unscheduled work or availability to perform unscheduled work per regular workday. LEAP "provide[s] premium pay to criminal investigators to ensure the availability of criminal investigators for unscheduled duty in excess of a 40-hour workweek based on the needs of an employing agency." 5 U.S.C. § 5545a(b).

37. While Postal Inspectors are not eligible for LEAP, once they leave BIT they do receive their own form of availability pay under the USPS's compensation system. However, unlike their peers at other agencies, they do not receive that availability pay while attending BIT. By failing to give Postal Inspectors availability pay, the USPS leaves them wholly uncompensated for working hours in excess of 40 per week, or for being available to work such hours, while attending BIT.

38. As alleged above, and as participants in a mandatory, residential training program, Plaintiffs were available to perform two hours or more of work each day, in excess of their eight-hour workday. For example, on Thursday, October 28, 2021, Plaintiff Conklin performed 10 hours of work.

39. The USPS has therefore failed to maintain Postal Inspectors' compensation at a standard of comparability to Criminal Investigators elsewhere in the executive branch by, at

minimum, refusing to pay Inspectors availability pay and duty station-based locality pay while attending BIT.

## CLAIMS

### COUNT ONE: FAILURE TO PROVIDE OVERTIME COMPENSATION UNDER SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

40. Plaintiffs incorporate by reference Paragraphs 1 through 40 as if fully stated herein.

41. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. At all times material herein, Plaintiffs have been entitled to FLSA overtime pay for all hours of work in excess of 40 in a workweek.

42. As set forth above, from August 15, 2021, through December 4, 2021, Plaintiffs attended the USPS's BIT program and regularly worked, under 29 C.F.R. § 785.27 *et seq.* and 29 C.F.R. 785.33 *et seq.*, scheduled and unscheduled hours in excess of 40 hours in a workweek under and so Plaintiffs were entitled to receive overtime compensation for such work hours. Despite scheduling, requiring, and otherwise suffering or permitting Plaintiffs to work these hours, the USPS has knowingly failed to pay Plaintiffs overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a workweek, in willful violation of 29 U.S.C. § 207. As such, Plaintiffs have been deprived of overtime compensation to which they have been entitled under the law.

43. USPS's above-alleged violations of the FLSA are recurrent, willful, and intentional.

44. As a result of the Defendant's willful and purposeful violations of the FLSA, there have become due and owing to each of the Plaintiffs various amounts that have not yet been precisely determined. The employment and work records for each Plaintiff are in the exclusive

possession, custody and control of Defendant and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant is under a duty imposed by 29 U.S.C. §211(c), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability can be ascertained.

### COUNT TWO: FAILURE TO MAINTAIN A COMPARABLE STANDARD OF PAY BETWEEN POSTAL INSPECTORS AND CRIMINAL INSPECTORS EMPLOYED ELSEWHERE IN THE EXECUTIVE BRANCH, PURSUANT TO 39 U.S.C. § 1003(c)

45. Plaintiffs incorporate by reference Paragraphs 1 through 45 as if fully stated herein.

46. Under 39 U.S.C. § 1003(c), "Compensation and benefits for all Postal Inspectors shall be maintained on a standard of comparability to the compensation and benefits paid for comparable levels of work in the executive branch of the Government outside of the Postal Service."

47. Plaintiffs have at all times relevant herein been employed by the USPS as Postal Inspectors. As such, they have been entitled to compensation that is comparable to their peer inspectors elsewhere in the executive branch.

48. Criminal inspectors employed by other agencies receive availability pay while attending residential training programs. However, USPS has failed to pay Postal Inspectors availability pay while they attend the 16-week residential BIT program. In doing so, USPS has denied Postal Inspectors pay to which they are entitled by law.

49. As a result of the USPS's failure to comply with 39 U.S.C. § 1003(c), there have become due and owing to each of the Plaintiffs various amounts that have not yet been precisely determined. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of the USPS and the plaintiffs are unable to state at this time the exact amounts

owing to each of them. Defendant is under a duty imposed by 29 U.S.C. §211(c), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability can be ascertained.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a) Enter judgment that the Defendant violated the FLSA by failing to and refusing to provide plaintiffs with overtime compensation for hours worked in excess of 40 hours in a workweek or, in the alternative, enter judgment that Defendant failed to satisfy 39 U.S.C. § 1003(c)'s comparability requirement by refusing to provide Defendants with availability pay to compensate them for being available to perform, or actually performing, work in excess of 40 hours per week while at BIT;

(b) Order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

(c) Award Plaintiffs monetary damages in the form of backpay compensation as well as liquidated damages in an amount equal to their unpaid overtime compensation under the FLSA, and interest under the Back Pay Act, 5 U.S.C. § 5596, as applicable;

(d) Award Plaintiffs their reasonable attorneys' fees to be paid by Defendant, and the costs of this action; and

(e) Grant such other legal and equitable relief as may be just and proper.

Date: August 11, 2023                    Respectfully submitted,

<div style="margin-left: 40%;">

*/s/ Sarah M. Block*
Sarah M. Block
Gregory K. McGillivary
(pro hac vice motion forthcoming)
John W. Stewart
(pro hac vice motion forthcoming)
Patrick J. Miller-Bartley
(pro hac vice motion forthcoming)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
smb@mselaborlaw.com
gkm@mselaborlaw.com
jws@mselaborlaw.com
pmb@mselaborlaw.com

*Counsel for Plaintiffs*

</div>