UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAD E. CONKLIN, MANUEL ANDRADE, LINSEY I. BETTS, JORDAN A. HILLIARD, MARIO LANTIGUA, KIMBERLY R. LINCOLN, COURTNEY S. LUDWIG, ALEXANDER ROBERT, DANIEL T. SEMRAU, on Behalf of Themselves and All Others Similarly Situated,

      Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

      Defendant.

23-cv-7122 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

  Plaintiffs are nine postal inspectors employed by the United States Postal Service who have filed this putative collective action against the Postal Service for violation of section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, or in the alternative, violation of the pay comparability requirement of 39 U.S.C. § 1003(c). Plaintiffs allege that the Postal Service has failed to compensate them for overtime hours worked during Basic Inspector Training. (Compl., ECF No. 1 ¶ 1.) The Postal Service has moved to dismiss the complaint for failure to state a claim or in the alternative for summary judgment in its favor. For the reasons that follow, the Court denies the motion to dismiss the complaint and declines to convert the motion to one for summary judgment.

  The Court has jurisdiction over this action pursuant to 39 U.S.C. § 409 (original jurisdiction over all actions brought by or against the Postal Service), and 28 U.S.C. § 1331 (federal question jurisdiction).

1

I.     **Background**

Each plaintiff attended the Postal Service's mandatory, 16-week residential Basic Inspector Training program ("BIT") between August 15, 2021 and December 4, 2021.[1] (Compl. ¶ 1.) The BIT program ran Monday to Friday from 8:00 A.M. to 4:00 P.M., for a total of 40 hours per week. (Compl. ¶ 11.) However, plaintiffs were also required to travel or attend instruction outside of that 40-hour timeframe, including on mornings, evenings and weekends, bringing their total hours of work above 40 hours per week. (Compl. ¶¶ 12–24.) Despite the additional hours of work, plaintiffs were only compensated for 40 hours per week for the duration of the training. (Compl. ¶¶ 12, 18, 20, 24–25.) Plaintiffs allege that the Postal Service was aware that the BIT program required more than 40 hours of work per week—and in fact scheduled plaintiffs' excess training hours in advance—but failed to provide plaintiffs with overtime compensation for their additional hours of work in violation of the FLSA, which requires an employee to be compensated at a rate of "not less than one and one-half times the regular rate at which he is employed" for any hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

Plaintiffs allege, in the alternative, that the Postal Service violated 39 U.S.C. § 1003(c), the "Comparability Statute," which provides that "[c]ompensation and benefits for all Postal Inspectors shall be maintained on a standard of comparability to the compensation and benefits paid for comparable levels of work in the executive branch of the Government outside of the Postal Service." Plaintiffs allege that other federal criminal investigators receive "availability pay" for time spent in comparable residential training programs pursuant to 5 U.S.C. § 5545a, the Law Enforcement Availability Act ("LEAP"). (Compl. ¶ 34.) LEAP "provide[s] premium pay to criminal investigators to ensure the availability of criminal investigators for unscheduled duty in excess of a 40 hour work week based on the needs of an employing agency." 5 U.S.C. § 5545a(b). Plaintiffs allege that BIT is a comparable residential training program to training programs at other agencies whose trainees receive LEAP pay. Nevertheless, despite that plaintiffs were available to work—and in fact did, on several occasions, work—two or more hours a day in excess of their 8-hour workday, the Postal Service did not provide them availability pay for their time in BIT Training, in violation of 39 U.S.C. § 1003(c).[2] (Compl. ¶ 33–39.)

---

[1] Plaintiffs attended the BIT program between August 15, 2021 and December 4, 2021, but purport to bring this as a collective action on behalf of all Postal Inspectors similarly situated, including those who attended other BIT sessions. *See* 29 U.S.C. § 216(b).

[2] Plaintiffs note that "Postal Inspectors are not eligible for LEAP, [but] once they leave BIT they do receive their own form of availability pay under the [Postal Service's] compensation system. However, unlike their peers at other agencies, they do not receive that availability pay while attending BIT." (Compl. ¶ 37.)

2

In its motion to dismiss the complaint or in the alternative for summary judgment, the Postal Service contends that plaintiffs' claims fail because (1) plaintiffs satisfy the administrative exemption test under 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.200, which exempts them from the FLSA overtime requirement; (2) the Postal Service relied in good faith on a 1976 Department of Labor ("DOL") Opinion Letter (the "1976 DOL Opinion Letter") finding that Postal Inspectors satisfied the FLSA's administrative exemption test; (3) plaintiffs fail to adequately allege any violation of 39 U.S.C. § 1003(c); and (4) the evidence establishes that plaintiffs' pay is comparable to those of their counterparts at other agencies. The Postal Service supports many of its assertions with factual evidence outside the pleadings, and requests that the Court consider these materials and convert its motion to dismiss the complaint to a motion for summary judgment under Federal Rule of Civil Procedure 12(d).[3]

In their opposition to the Postal Service's motion to dismiss the complaint, plaintiffs contend that (1) the administrative exemption under 29 U.S.C. § 213 does not apply to plaintiffs during BIT; and (2) the 1976 DOL Opinion Letter cannot form the basis of a good faith defense because it does not address postal inspector duties while in BIT. Plaintiffs also assert they have plausibly alleged that the Postal Service has failed to maintain their pay at a comparable level to that of their peers under 39 U.S.C. § 1003(c), and they ask the Court not to exercise its discretion to convert the Postal Service's motion to one for summary judgment, because plaintiffs have not had an opportunity to engage in discovery; the Postal Service's extra-pleading materials are facially insufficient; and genuine disputes of material fact exist with respect to both of plaintiffs' claims. (*See* ECF No. 28.)

## II.   Motion to Dismiss Legal Standard

When considering a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim, a court must "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal citations and quotations marks omitted). In so doing, "the Court 'is limited to facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken.'" *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y.

---

[3] These extra-pleading materials include a declaration of Patricia Manzolillo, Director of Inspection Service Business Operations at the Postal Service (the "Manzolillo Declaration") (ECF No. 25), a 1976 letter from the Postal Service to the DOL seeking the DOL's opinion on the exempt status of postal inspectors (Ex. 1, ECF No. 25-1); the 1976 DOL Opinion Letter (Ex. 2, ECF No. 25-2); section 443.311 of the Postal Service Employee Labor Manual (Ex. 3, ECF No. 25-3); a Memorandum of Understanding ("MOU") signed by plaintiff Conklin (Ex. 4, ECF No. 25-4); a redacted Postal Inspector Appointment Letter (Ex 5., ECF No. 25-5); the GS Pay Scale (Ex. 6, ECF No. 25-6); and the GL Pay Scale (Ex. 7, ECF 25-7).

2013) (quoting *Automated Salvage Transp., Inc. v. Wheelabrator Env't Sys., Inc.*, 155 F.3d 59, 67 (2d Cir. 1998)). However, courts need not consider "conclusory allegations or legal conclusions couched as factual allegations," *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, a "choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. '[F]act-specific question[s] cannot be resolved on the pleadings.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (quoting *Todd v. Exxon Corp.*, 275 F.3d 191, 203 (2d Cir. 2001)).

### III.  The Postal Service's Motion to Dismiss the Complaint Is Denied

The Postal Service has moved to dismiss both causes of action in the complaint—the FLSA cause of action and the Comparability Statute cause of action—under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, that motion is denied.

#### a.  *Plaintiffs Have Plausibly Alleged an FLSA Overtime Violation*

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *see also Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 112 (2d Cir. 2023). Plaintiffs have met that requirement. They allege that, during the mandatory BIT—which comprised a 16-week residential program including specific "classroom, field, and other instruction during a regular work week that ran Monday through Friday, from 8 am to 4 pm, for a total of 40 hours per week" (Compl. ¶ 11)—they were required to travel or attend instruction outside of the 40-hour-per-week timeframe, bringing their total hours of work above 40 hours per week. They also allege that the additional hours of work were uncompensated. (Compl. ¶¶ 12, 18, 20, 24–25.) Indeed, plaintiffs identify several specific weeks where they worked more than 40 hours in that week without being compensated for the hours of work in excess of 40 hours. (Compl. at ¶ 14–25.) *See also Herrera*, 84 F.4th at 116 (2d Cir. 2023).

In response, the Postal Service raises two affirmative defenses: that the FLSA administrative exception under 29 U.S.C. § 213(a)(1) applies to plaintiffs, and that the

Postal Service is protected under 29 U.S.C. § 259 because it relied in good faith on the 1976 DOL Opinion Letter. *See Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 226 n.2 (2016) (Ginsburg, J., concurring) (29 U.S.C. § 259(a) provides a good faith affirmative defense under the FLSA); *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) ("The application of an exemption to the FLSA is an affirmative defense."). Although affirmative defenses are often inappropriate at the motion to dismiss stage, and "a plaintiff is not required to plead the absence of such a defense," an affirmative defense "may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Chen*, 798 F.3d at 81 (internal citation and quotation marks omitted).

With respect to the Postal Service's first affirmative defense—that plaintiffs are not entitled to overtime pay because they fall under the FLSA administrative exemption—the Postal Service contends that such exemption applies because plaintiffs, as postal inspectors, (1) are "[c]ompensated on a salary . . . not less than [$684 per week];" (2) perform, as their primary duty, "office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and (3) in performing their primary duties, "exercise [] discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(1)–(3).

This argument is unavailing for several reasons. First, the FLSA administrative exemption does not appear on the face of plaintiffs' complaint. The complaint does not allege that plaintiffs performed "management or general business operations" or exercised "discretion and independent judgment with respect to matters of significance" *while participating in BIT*, which is the relevant inquiry for determining whether the exemption applies to their work during BIT. *See Levine v. Vitamin Cottage Nat. Food Markets, Inc.*, No. 20-CV-00261, 2023 WL 6929402, at *16 (D. Colo. Oct. 19, 2023).

Second, "[t]he applicability of an FLSA exemption—a necessarily fact-bound inquiry—often will not be ascertainable on the basis of the complaint alone." *Chen*, 798 F.3d at 83. The Postal Service must "plainly and unmistakably" establish that plaintiffs meet the administrative exemption's requirements in order to prevail at this stage of the litigation. *Id.*; *see also Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008) ("[B]ecause the FLSA is a remedial act, its exemptions . . . are to be narrowly construed, and the burden rests on the employer to prove that a particular employee is exempt from the Act's requirements." (internal citation and quotation marks omitted)). The Postal Service has failed to show that the administrative exemption applies to plaintiffs' primary duties during BIT, which differ from the primary duties of postal inspectors after basic training.

5

Third, and relatedly, 29 C.F.R. § 541.705 explicitly states:

> The executive, administrative, professional, outside sales and computer employee exemptions *do not apply* to employees training for employment in an executive, administrative, professional, outside sales or computer employee capacity who are not actually performing the duties of an executive, administrative, professional, outside sales or computer employee.

29 C.F.R. § 541.705 (emphasis added). Pursuant to this provision, therefore, the Postal Service cannot avail itself of the administrative exemption affirmative defense unless it shows that plaintiffs were "actually performing the duties of an . . . administrative . . . employee" during BIT, which it has not done on this record.

With respect to the Postal Service's second affirmative defense—that it relied in good faith on the 1976 DOL Opinion Letter—the elements of that affirmative defense similarly do not appear on the face of the complaint, and therefore the defense may not be raised in the Postal Service's motion to dismiss. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Accordingly, the Court denies the Postal Service's motion to dismiss the complaint with respect to plaintiffs' FLSA claim.

b. *Plaintiffs Have Plausibly Alleged a Violation of the Comparability Statute*

Plaintiffs have also plausibly alleged that the Postal Service violated 39 U.S.C. § 1003(c) by not paying plaintiffs availability pay during BIT, despite that other federal employees who perform allegedly comparable levels of work receive availability pay during training under the LEAP statute. (Compl. ¶¶ 11–26, 33–39.) LEAP provides a 25 percent salary premium for criminal investigators required to work, or to be available to work, an annual average of two or more hours per day in excess of each regular workday. *See* 5 U.S.C. § 5545a. Considering that other federal employees performing comparable levels of work during training *do* receive availability pay, plaintiffs have plausibly alleged that the Postal Service's failure to similarly compensate them violates the Comparability Statute.

Plaintiffs support their allegation by identifying two federal criminal investigators at other agencies—Immigration and Customs Enforcement and the Federal Air Marshal Service—who engage in allegedly comparable levels of work as plaintiffs during training and who receive LEAP pay during their training programs. (Compl. ¶¶ 34–35.) That there may be other federal investigators who do *not* receive LEAP pay during training does not defeat plaintiffs' claim. While the existence of comparable federal agents who both do and do not receive LEAP pay during training "may well be subject to diverging interpretations, each of which is plausible . . . [t]he choice between two plausible inferences that may be drawn from factual allegations is

not a choice to be made by the court on a Rule 12(b)(6) motion." *Anderson News, L.L.C.*, 680 F.3d at 184–85.

  Nor does the Postal Service's argument that plaintiffs are not covered by the Comparability Statute because they are not "Postal Inspectors" within the meaning of 39 U.S.C. § 1003(c) provide grounds to dismiss plaintiffs' claims at this stage. The Postal Service contends that the Comparability Statute governs "[c]ompensation and benefits for all Postal Inspectors," not postal inspector trainees, and that "the term 'Postal Inspector' includes 'any agent to whom any investigative powers are granted under section 3061 of title 18.'" (ECF No. 31 at 1 (citing 39 U.S.C. § 1003(c).) Section 3061 of title 18, in turn, grants investigative powers to "Postal Inspectors and other agents of the United States Postal Service designated by the Board of Governors to investigate criminal matters related to the Postal Service and the mails . . . ." 18 U.S.C. § 3061.

  The Postal Service appears to interpret these two statutory provisions as excluding from the definition of "Postal Inspector" those postal inspectors who are not actively investigating criminal matters, including plaintiffs during BIT. But those provisions are not so limited. The plain language of both 39 U.S.C. § 1003(c) and 18 U.S.C. § 3061 indicates that the term "Postal Inspector" extends to employees to whom investigative powers are *granted*, and agents who are *designated* to investigate criminal matters, even if those employees are not presently performing those powers. Plaintiffs have plausibly alleged that, during BIT, they were employed as postal inspectors by the Postal Service (Compl. ¶¶ 5, 9, 47), thereby qualifying them as "Postal Inspectors" to whom investigative powers were granted under 18 U.S.C. § 3061. Accepting these material allegations as true, as the Court must at the motion to dismiss stage, plaintiffs have plausibly alleged that the Comparability Statute applies to them during BIT.

  Finally, the Court finds unpersuasive the Postal Service's contention that the discretionary language contained in 5 U.S.C. § 4109(a) forecloses the plaintiffs' Comparability Statute claim. Section 4109(a) states that "[t]he head of an agency . . . *may* . . . pay all or a part of the pay (except overtime, holiday, or night differential pay) of an employee of the agency selected and assigned for training under this chapter, for the period of training." 5. U.S.C. § 4109(a) (emphasis added). The Postal Service has failed to show how 5 U.S.C. § 4109(a), a statute entirely separate from the Comparability Statute contained in 39 U.S.C. § 1003, forecloses plaintiffs' argument that the Postal Service violated the Comparability Statute. Notwithstanding the directives provided in 5 U.S.C. § 4109(a)—a provision which itself includes several exceptions, *see, e.g.*, 5 C.F.R. § 410.402—the Comparability Statute provides an independent mandate: "[c]ompensation and benefits for all Postal Inspectors *shall* be maintained on a standard of comparability to the compensation and benefits paid for comparable levels of work in the executive branch of the Government outside of the Postal Service." 39 U.S.C. §

7

1003(c) (emphasis added). Plaintiffs have plausibly alleged that the Postal Service failed to obey that mandate and that plaintiffs are entitled to relief as a result.

For the foregoing reasons, the Court denies the Postal Service's motion to dismiss the complaint for failure to state a claim for relief.

### IV. The Court Will Not Convert the Postal Service's Motion to One for Summary Judgment

The Postal Service has asked the Court to look outside the pleadings and conclude, based on the Manzolillo Declaration (ECF No. 25) and its accompanying exhibits (ECF Nos. 25-1–25-7), that there is no genuine dispute of material fact and plaintiffs' FLSA and Comparability Statute claims both fail as a matter of law. The Court declines this invitation.

Federal Rule of Civil Procedure 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In addition, if the court decides to convert the Rule 12(b)(6) motion to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Federal courts have discretion in determining whether to consider material outside the pleadings—and thereby convert a motion to dismiss to a motion for summary judgment—or whether to exclude the extraneous material and consider the motion under Rule 12(b)(6). *See Ruggerio v. Dynamic Elec. Sys. Inc.*, No. 12 CIV. 100, 2012 WL 3043102, at *3 (E.D.N.Y. July 25, 2012). The court's determination generally turns on whether the proffered material is likely to facilitate the action's disposition if evaluated under the Rule 56 procedure. "When the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion in accordance with the standard set forth in Rule 56, the district court is likely to accept it; when it is scanty, incomplete, or inconclusive, the district court probably will reject it." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed. 2024).

The Court denies the Postal Service's request to convert its motion to one for summary judgment pursuant to Rule 12(d). Not only are the Postal Service's extra-pleading materials incomplete, but plaintiffs have not had "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The extra-pleading materials are incomplete in several respects, including that they fail to establish plaintiffs' primary duties during BIT, as relevant to the FLSA overtime administrative exemption (29 C.F.R. § 541.200); fail to prove that the Postal Service's reliance on the 1976 DOL Opinion Letter "was in good faith in conformity with" that letter (29 U.S.C. § 259(a)); and fail to show that the federal agents the Postal Service

identified who do not receive LEAP pay during basic training perform comparable work to plaintiffs and are eligible for LEAP in the first place (39 U.S.C. § 1003(c), 5 U.S.C. § 5545a). *See generally Nigg v. U.S. Postal Service*, 829 F. Supp. 2d 889, 892 (C.D. Cal. 2011), *aff'd*, 544 F. App'x 766 (9th Cir. 2013).

Here, discovery will be necessary to uncover evidence regarding these fact issues, including by allowing the parties to investigate the compensation of comparable federal agents; determine plaintiffs' primary duties during training; test the Postal Service's good faith defense; and hold the Postal Service to its burden of proving the FLSA administrative exemption applies. The Court therefore declines to consider the parties' extra-pleading materials and convert the Postal Service's motion to dismiss to one for summary judgment.

### V. Conclusion

For the foregoing reasons, the Postal Service's motion to dismiss the complaint is denied.

Dated: New York, New York
       September 30, 2024

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.