

August 15, 2025

**VIA ECF**
The Honorable Katherine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:  *Conklin, et al. v. United States Postal Service*, 1:23-cv-07122
           **Submission of Settlement Agreement for Approval**

Dear Judge Parker:

      Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the Parties jointly submit this letter in support of approval of the negotiated settlement agreement ("Agreement" or "Settlement") between Plaintiffs and Defendant, the United States Postal Service, in the above-referenced case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, and the Postal Service's "Comparability Statute," 39 U.S.C. § 1003(c).[1] Following arms-length negotiation over several months, culminating in a settlement conference before this Court on June 26, 2025, the Parties reached agreement. The resulting settlement is a fair and reasonable resolution of a bona fide dispute. Accordingly, the Parties respectfully request that it be approved.

      Plaintiffs—67 Postal Inspectors who attended "Basic Inspector Training" ("BIT") from August 2021 through January 2025—alleged that, while at BIT, they were improperly denied either overtime compensation under the FLSA or, in the alternative, Law Enforcement Availability Pay ("LEAP") under the Comparability Statute. The Agreement resolves these claims in full. Plaintiffs have been informed of the terms of the Settlement, including the distribution methodology, their individual settlement payments, the amount of the service awards, and the amount allocated to attorneys' fees and expenses. They have been provided with an opportunity to review the Agreement and object to its terms. ***There have been no objections to the Settlement and no disputes have been submitted. The reaction of the Plaintiffs has been unanimously positive.***

      The Parties reached this agreement with the Court's guidance, and with an awareness of several sources of mutual litigation risk. Defendant asserted, based on a 1976 DOL Opinion Letter, for example, a potential good faith defense to liquidated damages or even liability, while the available timekeeping records had the potential to yield inferences that cut in favor of either party and would likely have led to a long and plodding course of litigation over the compensability of specific activities. This dynamic was highlighted at the settlement conference, where both Parties provided principled, in-depth damages models and negotiated extensively over the assumptions underlying those models. Plaintiffs contend the Settlement provides each plaintiff with backpay damages for approximately 65 hours of unpaid overtime work at BIT along with full liquidated damages, or, alternatively, over 120% of the Availability Pay that the Plaintiffs would have

---

[1] The Settlement Agreement and Joint Stipulation and Order is attached to this letter as Exhibit A.

received for that time.

Notably, the Agreement contains none of the problematic provisions highlighted by the Second Circuit in *Cheeks* as requiring additional judicial scrutiny in FLSA cases. The Settlement contains no confidentiality provision, and sets forth a narrow release, limited to Plaintiffs' wage and hour claims in this matter. Ex. 1 ¶ 8. *See Cheeks*, 796 F.3d at 206 (citing District Court decisions rejecting confidentiality provisions and broad releases). Unlike the 40-43.6% contingency fee described in *Cheeks*, *id.*, here the one-third contingency fee, exclusive of costs, "is the customary contingency percentage in FLSA cases." Moreover, even under a lodestar crosscheck, Plaintiffs' counsels' crosscheck multiplier is .99—well within acceptable bounds, even accounting for any potential reductions. *See, e.g.*, *Huggins v. Chestnut Holdings Inc.*, No. 18 CIV. 1037, 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022) (crosscheck multiplier between .5 and 2 acceptable).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Martinez v. 189 Chrystie St. Partners, LP*, 2024 WL 1853179, at *2 (S.D.N.Y. Apr. 29, 2024). The Parties reached an agreement here at a settlement conference presided over by this Court, and following their extensive investigation of these claims, familiarity with the legal framework and corresponding risks, and protracted review and analysis of the underlying damages calculations. Each of the 67 Plaintiffs has been given the opportunity to review the Settlement Agreement, and each Plaintiff is receiving an equal amount from the Settlement, with the exception of the three settlement team members who worked with counsel to prepare for mediation and attended mediation personally.[2] This information is posted on Plaintiffs' counsel's secured website, and was sent to each Plaintiff via U.S. Mail. **There have been no unresolved disputes or objections**. The reaction of the Plaintiffs has been nothing but positive.

For the above reasons, this Settlement represents a favorable outcome and will appropriately compensate Plaintiffs for the overtime pay issues that are the subject matter of this litigation. Accordingly, the Parties respectfully submit that the Settlement, in its entirety, is fair and reasonable, and should be approved by the Court.

Sincerely,

McGILLIVARY STEELE ELKIN LLP

John W. Stewart

Cc: All Counsel of Record

---

[2] The three members of the Settlement Team who attended the mediation are each receiving an additional $2,000 service award, or $6,000 total. This amount is "well within the range of service awards approved by the Southern District of New York." *Hall v. City of New York*, No. 22-cv-10193, 2025 WL 1795943, at *2 (S.D.N.Y. June 30, 2025) (approving $15,000 service award in FLSA case that settled after mediation); *see also Hyun v. Ippudo USA Holdings*, No. 14-CV-8706, 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (approving $30,000 of service awards in FLSA case—$6,000 each for 5 plaintiffs); *Mikityuk v. Cision US Inc.*, No. 21-CV-510, 2022 WL 3013107, at *4 n.3, *6 (S.D.N.Y. July 29, 2022) (approving $30,000 of service awards in FLSA case—$10,000 each for 3 plaintiffs). None of the 67 Plaintiffs object to these awards.